UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOSE CUERO-CANDELO (1),<br><br>　　　　　　　　　　　　Defendant. | Case Nos.: 17CR1655-JLS<br>　　　　　　　19CV1081-JLS<br><br>**ORDER:**<br><br>**1) DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE;**<br><br>**2) DENYING CERTIFICATE OF APPEALABILITY;**<br><br>**3) DENYING APPLICATION FOR DOWNWARD VARIANCE; and**<br><br>**4) DENYING FEDERAL DEFENDERS OF SAN DIEGO'S REQUEST FOR APPOINTMENT OF COUNSEL AND MOTION TO VACATE ORDER PERMITTING DECLARATIONS FROM COUNSEL**<br><br>**[ECF Nos. 98, 100, and 111]** |

　　　On June 7, 2019, Defendant Cuero-Candelo, proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (ECF No. 98). On June 12, 2019, Defendant filed an application for downward variance

seeking a reduction in his sentence pursuant to United States Sentencing Guideline ("USSG") Section 5K1.1 (ECF No. 100). On Plaintiff's motion, the Court subsequently issued an order requiring Defendant to confirm that he wished to proceed with his Section 2255 motion with the understanding that his attorney-client privilege would be deemed waived with respect to the issues raised in the motion (ECF No. 108). Defendant responded that he wished to proceed with the motion (ECF No. 110), and the Federal Defenders of San Diego filed a request for appointment of counsel and motion to vacate the order permitting declarations from counsel (ECF No. 111).  Plaintiff filed a response in opposition to Defendant's 2255 Motion (ECF No. 112), however, no declaration from former counsel was submitted.

Defendant's Section 2255 motion was filed more than one year after his conviction became final[1] and is therefore untimely pursuant to 28 U.S.C. § 2255(f)(1).[2] Defendant has presented no reason why his claims could not have been timely filed, nor do any of the exceptions to the 1-year statute of limitations appear to be applicable. Defendant has not alleged any impediment to making a motion; there has been no right newly recognized by the Supreme Court; and the facts supporting the claim were present or could have been discovered through the exercise of due diligence on the date of sentencing. *See* 28 U.S.C. § 2255(f)(2)-(5). Thus, Defendant's motion will be dismissed as time barred.

Turning to Defendant's application for a downward variance, Defendant presents no authority that would permit the Court to grant a sentencing departure after his sentence has become final. Moreover, as Defendant acknowledges, a departure under USSG § 5K1.1 may only be granted upon motion of the government.

---

[1] Defendant was sentenced on March 2, 2018 and he filed no notice of appeal. Thus, his conviction became final 14 days later. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (recognizing that statute of limitations for § 2255 motion began to run upon the expiration of the time during which the defendant could have sought review by direct appeal).

[2] 28 U.S.C. 2255(f)(1) establishes a 1-year period of limitation running from "the date on which the judgment of conviction becomes final."

1       For the reasons set forth above, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody is **Hereby Dismissed.** Additionally, the Court **Denies** Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right. Defendant's Application for a Downward Variance is **Denied**. Finally, the Federal Defenders of San Diego's Request for Appointment of Counsel and Motion To Vacate Order Permitting Declarations From Counsel is **Denied as Moot**.

      IT IS SO ORDERED.

Dated: July 28, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge